UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL LAVAIL WILLIAMS, | ) Case No. CV 15-00209-DSF (KK) |
| Petitioner, | ) |
| v. | ) FINAL REPORT AND<br>) RECOMMENDATION OF UNITED<br>) STATES MAGISTRATE JUDGE |
| L. ELDRIDGE, | ) |
| Respondent. | ) |
| _____ | ) |

This Final Report and Recommendation is submitted to the Honorable Dale S. Fischer, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## I.

## **SUMMARY OF RECOMMENDATION**

Darryl Lavail Williams ("Petitioner"), a California state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254(d), challenging the sentence imposed for his 2005 convictions for second-degree robbery and felon in possession of a firearm.  As discussed below, the Court finds the Petition untimely under the one-year statute of limitations for

federal habeas petitions challenging state court convictions. Accordingly, the Court recommends the Petition be denied.

## II.
## **PROCEDURAL HISTORY**[1]

On March 1, 2005, following a jury trial in California Superior Court for the County of Los Angeles, Petitioner was convicted of: (1) second-degree robbery, in violation of California Penal Code section 211; and (2) felon in possession of a firearm, in violation of California Penal Code section 12021(a)(1). Pet. at 2.[2] On March 10, 2005, the trial court sentenced Petitioner to twenty years in state prison. Id. at 20.

On February 15, 2006, the California Court of Appeal affirmed Petitioner's convictions on direct appeal. On April 26, 2006, the California Supreme Court denied review of the appeal. On October 2, 2006, the U.S. Supreme Court denied Petitioner's petition for a writ of certiorari.

Petitioner appears to have subsequently filed four state petitions for post-conviction relief: (1) a petition in the California Supreme Court on February 23, 2007, which was denied on October 10, 2007; (2) a petition in the Los Angeles County Superior Court on an unspecified date in 2013, which was denied on April 12, 2013; (3) a petition in the California Court of Appeal on August 5, 2013, which

---

[1] No documents detailing Petitioner's state court proceedings have been lodged with the Court. Hence, the Court's summary of the procedural history of this case relies on the instant Petition and the California Supreme Court and Court of Appeal's websites.

[2] The Petition consists of a form Petition For Writ of Habeas Corpus By A Person in State Custody (CV-69), with additional pages attached to the form. The Court's paginated references to the Petition reflect the page numbers displayed at the top of each page on CM-ECF.

was denied on August 7, 2013; and (4) a petition in the California Supreme Court on December 5, 2013, which was denied on February 11, 2014. See Pet. at 22-27.

On January 5, 2015, Petitioner constructively filed[3] the instant Petition. (ECF Docket No. ("dkt.") 1). In the Petition, Petitioner claims his March 2005 sentence was unlawfully imposed. (Id.). On January 15, 2015, the Court issued an Order to Show Cause Why This Action Should Not be Dismissed as Untimely ("OSC"), as the Petition appeared to be untimely on its face. (Dkt. 6). On February 2, 2015, Petitioner filed a response to the Court's OSC. (Dkt. 7).

On February 5, 2015, the Court issued a Report and Recommendation that the Petition be denied. (Dkt. 8). Petitioner has failed to file timely objections to the original Report. However, on March 10, 2015, the U.S. Court of Appeals for the Ninth Circuit issued a new opinion in Rudin v. Myles, withdrawing and superseding a prior opinion issued in the case on September 10, 2014. See Rudin v. Myles, ___ F.3d ___, 2014, 2015 WL 1019959, at *8 (9th Cir. 2015) (withdrawing and superseding Rudin v. Myles, ___ F.3d ___, 2014 WL 4435950 (9th Cir. 2014)). Because the original Report cited the now-withdrawn September

---

[3] Under the "mailbox rule," which "applies to federal and state petitions alike[,]" Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010), a "habeas petition is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of the court, not when the petition is filed by the court." Ramirez v. Yates, 571 F.3d 993, 996 n.1 (9th Cir. 2009) (internal quotation marks and citation omitted); see Houston v. Lack, 487 U.S. 266, 276, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988). In the absence of evidence to the contrary, a petition may be deemed delivered to prison authorities (and thus, constructively filed) on the day the petition was signed. See Porter III v. Ollison, 620 F.3d 952, 955 & n. 2 (9th Cir. 2010). Here, the Court has calculated the filing date of the Petition pursuant to the mailbox rule because the Petition was signed on January 5, 2015. Pet. at 17.

10, 2014 opinion, the Court herein issues a Final Report and Recommendation citing the March 10, 2015 decision instead.

### III.
### DISCUSSION

The instant Petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court must apply the requirements for habeas relief set forth in AEDPA when reviewing the Petition. Soto v. Ryan, 760 F.3d 947 (9th Cir. 2014) (citing Lindh v. Murphy, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997)). AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1) ("Section 2244(d)(1)").

**A.  Petitioner Did Not File His Petition Within AEDPA's One-Year Limitations Period**

AEDPA's one-year limitations period commences on the date a petitioner's conviction becomes "final." 28 U.S.C. § 2244(d)(1)(A).[4] Here, Petitioner's conviction became "final" on October 2, 2006, when the U.S. Supreme Court denied Petitioner's petition for a writ of certiorari. See Clay v. United States, 537 U.S. 522, 527, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). Consequently, under Section 2244(d)(1)(A), the AEDPA limitations period commenced on October 3, 2006 and lapsed a year later on October 2, 2007. 28 U.S.C. § 2244(d)(1)(A); Fed. R. Civ. P. 6(a). Petitioner, however, did not

---

[4] The limitations period under Section 2244(d)(1) may also commence on dates set forth in 28 U.S.C. § 2244(d)(1)(B), (C), and (D). None of these provisions are applicable here.

4

constructively file this action until January 5, 2015—over seven years after the limitations period elapsed. Hence, the Petition is untimely under Section 2244(d)(1).

B. **Statutory Tolling Cannot Render The Petition Timely**

AEDPA sets forth a statutory tolling provision which suspends Section 2244(d)(1)'s limitations period for the time during which a "properly filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408, 410, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005). However, the Ninth Circuit has held "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

Here, Petitioner's four applications for post-conviction relief in 2007 and 2013 do not render the Petition timely. First, even assuming Petitioner is entitled to statutory tolling for the pendency of his 2007 petition, the instant Petition is still untimely by several years. Second, the three petitions Petitioner filed in 2013 cannot be a basis for statutory tolling because the statute of limitations would have expired *prior* to the filing of these three petitions. See Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000) (state habeas petition did not toll the period of limitations "because the limitations period had already run"). Thus, statutory tolling does not render the Petition timely.

C. **Petitioner Has Not Satisfied His Burden To Demonstrate He Is Entitled To Equitable Tolling**

In addition to the statutory tolling provided for by Section 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011) (citations omitted). The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." Bills v. Clark,

628 F.3d 1092, 1097 (9th Cir. 2010) (citation and internal quotation marks omitted).  The "extraordinary circumstances" requirement means equitable tolling will not be available in most cases.  Calderon v. U.S. Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled on other grounds by Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530 (9th Cir. 1998) (*en banc*) (internal quotation marks omitted).  "The Supreme Court and the policies behind AEDPA require that equitable tolling be used only to protect diligent petitioners facing extraordinary circumstances that prevent them from timely filing federal habeas petitions."  Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1014 (9th Cir. 2009) (citing Pace, 544 U.S. at 417).

    A petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, lest the exceptions swallow the rule."  Rudin v. Myles, ___ F.3d ___, 2015 WL 1019959, at *8 (9th Cir. 2015) (internal citation and quotation marks omitted).  "The petitioner must establish two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Rasberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006) (internal citation and quotation marks omitted).  Conclusory "assertions rarely suffice to meet the burden of demonstrating entitlement to equitable tolling."  Williams v. Dexter, 649 F. Supp. 2d 1055, 1062 (C.D. Cal. 2009) (internal citation omitted).

    Here, Petitioner does not allege *any* facts showing an entitlement to equitable tolling.  Thus, equitable tolling does not render the Petition timely.

///
///
///
///
///
///

## IV.

## **RECOMMENDATION**

IT IS THEREFORE RECOMMENDED that the District Judge issue an order: (1) accepting the findings and recommendations in this Final Report and Recommendation; (2) directing that judgment be entered denying the Petition; and (3) dismissing the action with prejudice.

DATED: March 19, 2015

_____
HON. KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE